UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

TERRY DARREL SMITH,                          Case No. 2:15-cv-00666-AA

          Petitioner,                      OPINION AND ORDER

     v.

MR. J. MYRICK,

          Respondent.

AIKEN, Judge:

Petitioner brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his convictions and sentence arising from sexual abuse charges violated his federal constitutional rights. For the reasons explained below, the petition is denied.

## BACKGROUND

Petitioner, an inmate at Two Rivers Correctional Institution, is incarcerated pursuant to convictions for first-degree sodomy, first-degree sexual abuse, and using a child in a display of sexual conduct.

1   - OPINION AND ORDER

The charges against petitioner arose from the sexual abuse of his eight-year-old daughter in 1999. Resp. Ex. 104, Transcript of Trial Proceeding (Tr.) 15-19. At the time, petitioner lived overseas and had not seen his two daughters for several years. Tr. 22, 38, 60, 75. He visited Oregon during the summer of 1999, and for two weeks his eight-year-old daughter stayed with him and his wife, Jane, in an RV park. Tr. 41-42, 51-52, 75. His eleven-year-old daughter also stayed with them for approximately one week. Tr. 52.

A few weeks after returning from her visit with petitioner, the youngest daughter told her mother that petitioner had sexually abused her. Tr. 25-26, 83-84. According to testimony at trial, Jane had alerted the victim's mother to the potential abuse, and the victim eventually told her mother about the sexual abuse after being assured that her mother would not be angry with her. Tr. 25, 44, 83-84. The victim's mother reported the abuse to the police. By that time, petitioner had left the United States and local authorities could not locate him. Tr. 114-115.

On July 20, 2000, a grand jury indicted petitioner on felony counts of Sexual Abuse in the First Degree, Using a Child in a Display of Sexual Conduct, and two counts of Sodomy in the First Degree. Petitioner was also indicted on two misdemeanor counts of Failure to Report as a Sex Offender. A warrant was issued for his arrest. Resp. Exs. 102, 120 at 31.

In 2006, petitioner was arrested in Cambodia. Tr. 9, 116. To effectuate his arrest, federal authorities issued an arrest warrant against petitioner under 18 U.S.C. § 1073 and then revoked his passport due to the federal warrant. Resp. Ex. 120 at 1-5, 32-35. After his passport was revoked, petitioner was arrested in Cambodia and brought to Los Angeles. Petitioner then waived extradition proceedings and was brought to Oregon to stand trial on the sexual abuse charges. Resp. Ex. 120 at 30.

Before the jury was selected and sworn, petitioner addressed the court and claimed that the U.S. Marshals Service arrested him in Cambodia without "any extradition papers," prevented him from speaking with an attorney, and failed to provide him with medical treatment. Tr. 9. Petitioner argued that his removal from Cambodia violated his constitutional rights and questioned whether his trial was "legitimate" as a result. Tr. 10. Petitioner's trial counsel informed the court that he did not believe a valid legal basis existed for petitioner's argument, and the trial court allowed the case to proceed. Tr. 11.

At trial, several witnesses testified for the prosecution, including the victim, who was 16 years old at the time of trial, and Lieutenant Maureen Bedell, who interviewed the victim in 1999 and 2000 as a detective assigned to the case. Tr. 73-103, 104-120. Lt. Bedell testified that the victim made several disclosures about the sexual abuse committed by petitioner. Tr. 106-112. Lt. Bedell also testified that the victim "demonstrated to my satisfaction that she knew what – what it was to tell the truth and what it was to tell a lie." Tr. at 110.

After deliberating, the jury convicted petitioner of first-degree sexual abuse, using a child in a display of sexual conduct, and two counts of first-degree sodomy. Tr. 142-43; Resp. Ex 101.[1] At the sentencing hearing, petitioner again raised the issue of his removal from Cambodia. Tr. 149-50. Ultimately, the trial court sentenced petitioner to a total of 270 months' imprisonment. Tr. 150-52; Resp. Ex. 101.

Petitioner directly appealed his conviction and sentence. Resp. Ex. 106-07. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Resp. Ex. 111-12. Petitioner then filed a petition for post-conviction relief (PCR), and the PCR court

---

[1] Prior to trial, petitioner pled guilty to the two counts of failing to report as a sex offender. Resp. Ex. 103.

denied relief. Resp. Ex. 115-17, 137-38. The Oregon Court of Appeals affirmed in a written opinion, and the Oregon Supreme Court denied review. Resp. Ex. 144-45.

On April 20, 2015, petitioner filed the instant petition seeking federal habeas relief under 28 U.S.C. § 2254.

DISCUSSION

In his petition and subsequent amendments, petitioner raises sixteen grounds for relief, many of them overlapping and duplicative. *See* docs. 2, 32-1. Respondent argues that all claims lack merit and that several are unexhausted and barred from federal habeas review. I find that no claim supports habeas relief and deny the petition in its entirety.

A. Ineffective Assistance of Counsel Claims

In Grounds Four and Five A-C petitioner asserts ineffective assistance of trial counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984). Specifically, in Ground Five A petitioner claims that trial counsel was ineffective by failing to object to the improper "vouching" testimony of Lt. Bedell. In Grounds Five B and C, petitioner argues that counsel was ineffective by failing to move for dismissal of the charges against him based on his allegedly unlawful removal from Cambodia and by failing to object to prosecutorial misconduct and suppression of extradition evidence by the district attorney. In Ground Four, petitioner asserts ineffective assistance of counsel during his California extradition process. The PCR court and the Oregon Court of Appeals rejected these claims, and respondent maintains that their decisions are entitled to deference. *See Harrington v. Richter*, 562 U.S. 86, 101 (2011) (on habeas review of ineffective assistance claims, a "state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself").

A federal court may not grant a habeas petition regarding any claim "adjudicated on the merits" in state court, unless the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" clearly established federal law if it applies a rule contradictory to Supreme Court authority or reaches a contrary result in a case "materially indistinguishable" from relevant Supreme Court precedent. *Brown v. Payton*, 544 U.S. 133, 141 (2005); *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court decision is an "unreasonable application" of clearly established federal law if the state court identifies the correct legal principle but applies it in an "objectively unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) (per curiam); *Williams,* 529 U.S. at 407-08, 413. "Even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable." *Penry v. Johnson*, 532 U.S. 782, 793 (2001); *see also Early v. Packer*, 537 U.S. 3, 11 (2002) (per curiam) (state court decisions not "contrary to" Supreme Court law may be set aside "only if they are not merely erroneous, but 'an *unreasonable* application' of clearly established federal law, or based on 'an *unreasonable* determination of the facts.'").

Under the well-established Supreme Court precedent of *Strickland*, a prisoner alleging ineffective assistance of counsel must show that 1) "counsel's performance was deficient," and 2) counsel's "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* Judicial review of an attorney's performance under *Strickland* is "highly deferential" and carries a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," which

under the relevant circumstances, "might be considered sound trial strategy." *Id.* at 689 (citation

omitted).

In this case, the PCR court denied petitioner's ineffective assistance claim based on

counsel's failure to object to Lt. Bedell's testimony, and the Oregon Court of Appeals affirmed

in a written decision. *Smith v. Franke*, 266 Or. App. 473, 337 P.3d 986 (2014). The Court of

Appeals recognized that under Oregon law a witness "may not give an opinion on whether he

believes a witness is telling the truth." *Id.* at 478 (citation omitted). The court nonetheless found

that any objection to Lt. Bedell's testimony would not have been well taken, because "Bedell's

testimony did not concern whether she considered [the victim] to have been credible or truthful

during the interview." *Id.* at 479. The Court of Appeals explained:

> [Bedell] did not give an opinion—either direct or indirect—regarding whether
> [the victim] was truthful. Her testimony concerned an entirely distinct matter.
> That was whether [the victim], who was an eight-year-old child at the time of the
> interviews, appeared to know the difference between the truth and a lie at that
> time. As set forth above, in her testimony, Bedell explained that an important part
> of interviewing a child is to go over the difference between the truth and a lie. She
> testified that she has the child articulate in their own words what it means to tell
> the truth and what it means to tell a lie. Then she will have the child demonstrate
> his or her understanding of those concepts by asking, for example, whether it
> would be a lie to say the child is wearing yellow pants when the child's pants are,
> in fact, blue. According to Bedell, based on that exchange during the interview,
> [the victim] "demonstrated * * * that she knew what it was to tell the truth and
> what it was to tell a lie."
>
> That testimony did not touch on Bedell's opinion regarding whether [the victim]
> was actually truthful during the interview. Testimony that a child demonstrated
> knowledge of the difference between the truth and a lie does not amount to
> testimony that the child did not lie, nor does it otherwise pass on the credibility of
> that child either directly or indirectly. Instead, the testimony pertains to the
> competency of the child.

*Id.* at 479-80. The Court of Appeals thus found that Lt. Bedell's testimony "was not an

impermissible comment on the credibility of a witness and trial counsel was not inadequate for

failing to object on that basis." *Id.* at 480.

The Oregon Court of Appeals did not apply *Strickland* in an objectively unreasonable manner. As the court pointed out, petitioner must show that the objection would have been "well taken" to establish that counsel was deficient in failing to object. *Smith*, 266 Or. App. at 478, 337 P.3d 986; *see also Styers v. Schriro*, 547 F.3d 1026, 1030 (9th Cir. 2008) (to show deficient performance based on the failure to file a motion, the petitioner must show a "reasonable probability" that the motion would have been granted); *Boyde v. Brown*, 404 F.3d 1159, 1173-74 (9th Cir. 2005). The Court of Appeals explained why an objection to Lt. Bedell's testimony would not have been well taken under Oregon law, and its interpretation of state law must be accepted by this Court. *See Mendez v. Small*, 298 F.3d 1154, 1158 (9th Cir. 2002) ("A state court has the last word on the interpretation of state law."). Given that any objection would not have been well-founded, petitioner cannot show either deficiency of counsel or resulting prejudice based on the failure to object to Lt. Bedell's testimony.

The Court of Appeals did not address petitioner's PCR claims that counsel was ineffective by failing to seek dismissal of the charges due to petitioner's removal from Cambodia and by failing to object to the alleged suppression of extradition evidence by the district attorney. However, the PCR court found that 1) no grounds supported a motion to dismiss based on petitioner's arrest and removal from Cambodia, and 2) the district attorney did not possess extradition information and such information would have been irrelevant to petitioner's trial in any event. Resp. Ex. 137 at 25, Ex. 138 at 2. These findings are not objectively unreasonable.

As found by the PCR court, no grounds existed for counsel to seek dismissal of the charges based on petitioner's removal from Cambodia. It is well established that the manner of petitioner's removal did not implicate the state courts' jurisdiction over him or the constitutionality of his convictions. "The power of a court to try a person for crime is not

impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible abduction.'" *Frisbie v. Collins*, 342 U.S. 519, 522 (1952) (citing *Ker v. Illinois*, 199 U.S. 436, 440 (1886)); *see also id.* ("There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will."). Further, petitioner himself requested dismissal of the charges based on the conduct of federal authorities in arresting him, and the trial court proceeded with trial. Tr. 9-11. Thus, petitioner cannot establish prejudice.

Likewise, the PCR court reasonably found that no basis supported an objection to the district attorney's alleged suppression of evidence. The district attorney represented that she never possessed such information, and as noted above, extradition information would not have been relevant to the state charges against petitioner. Therefore, petitioner fails to show deficient performance on the part of counsel or resulting prejudice with respect to Ground Five A-C.

With respect to Ground Four, the PCR court made no specific findings other than concluding that petitioner failed to show deficient performance or prejudice on any claim. Resp. Ex. 138 at 2. Nonetheless, the PCR court was not objectively unreasonable in denying this claim, because no right to counsel attaches to extradition proceedings. *Anderson v. Almeida*, 397 F.3d 1175, 1180 (9th Cir. 2005). Moreover, petitioner fails to establish deficient performance or prejudice. Petitioner simply claims that counsel was ineffective in advising him to waive extradition and in failing to inform him that no treaty existed between Cambodia and the United States. Petitioner fails to explain why counsel's advice was deficient or how waiving extradition to Oregon prejudiced his defense at trial. *Strickland*, 466 U.S. at 687, 691 (to establish prejudice, a petitioner must show that counsel's errors affected the outcome of trial). Further, counsel had no reason to inform petitioner about the lack of extradition treaty between Cambodia and the

United States; the absence of an extradition treaty did not prohibit petitioner's removal from Cambodia by other means. *United States v. Alvarez-Machain*, 504 U.S. 655, 664 (1992) (treaty did "not purport to specify the only way in which one country may gain custody of a national of the other country for the purposes of prosecution").

In sum, the state court decisions were neither contrary to nor an unreasonable application of clearly established federal law, and petitioner's claims of ineffective assistance of counsel asserted in Grounds Four and Five A-C are denied.

B.  <u>Due Process and Trial Court Error Claims</u>

Petitioner asserts several grounds of due process violations, most of which are based on his allegedly unlawful removal from Cambodia and extradition from California to Oregon. In Grounds One, Seven, and Ten, petitioner argues that his convictions were obtained pursuant to his unconstitutional and unlawful arrest and removal from Cambodia, unsupported by an extradition treaty and accomplished through "outrageous" government conduct. In Ground Two, petitioner argues that his convictions were obtained through an unknowing and involuntary waiver of extradition from California to Oregon. In Ground Nine, petitioner argues that the state courts lacked jurisdiction over him as a result of his unlawful removal from Cambodia and extradition to Oregon. In Grounds Thirteen and Fourteen, petitioner contends that his convictions were obtained in violation of his Fourth Amendment rights and pursuant to entrapment, in that the United States Marshals Service unlawfully arrested him, denied him counsel, and failed to give him notice of the extradition process. Finally, in Ground Eleven petitioner alleges trial court error based on the imposition of consecutive sentences for the first-degree sodomy counts.

Without explanation, the trial court denied petitioner's pro se motion to dismiss based on his removal from Cambodia and extradition to Oregon. Tr. 11, 150-54. The Oregon Court of

Appeals affirmed without opinion, and the Oregon Supreme Court denied review. In the absence of a "reasoned decision" by a state court, this court must "engage in an independent review of the record and ascertain whether the state court's decision was objectively unreasonable." *Murray v. Schriro*, 745 F.3d 984, 996 (9th Cir. 2014) (internal quotation marks and citations omitted); *see also Godoy v. Spearman*, 834 F.3d 1078, 1084-85 (9th Cir. 2016).

I find that the state court decision was not contrary to or an unreasonable application of clearly established federal law. With respect to Grounds One, Seven, Nine, Ten, Thirteen, and Fourteen, petitioner presents no evidence – aside from his unsupported allegations – to support his claims of unlawful and unconstitutional removal from Cambodia. According to petitioner's own PCR exhibits, United States authorities issued an arrest warrant and revoked his passport, and petitioner was arrested and released to the custody of the United States Marshals Service. Resp. Ex. 120 at 1-5, 32-35; *see also* Tr. 9. Under these circumstances, it is irrelevant that no extradition treaty existed between the United States and Cambodia. An extradition treaty between two countries merely provides a process for the extradition of persons located in one country and sought by the other when either country invokes the treaty. *Alvarez-Machain*, 504 U.S. at 664. "In the absence of an extradition treaty, nations are under no obligation to surrender those in their country to foreign authorities for prosecution." *Id.* In other words, while the Cambodian government had no *obligation* to surrender petitioner to United States authorities, it could do so *voluntarily. United States v. Lichtenberg*, 309 Fed. App'x 107, 109 (9th Cir. Jan. 16, 2009) ("Because there is no extradition treaty between the United States and Indonesia, and Indonesia voluntarily turned Lichtenberg over to American authorities, there is no basis to apply doctrines applicable in the context of formal extradition. There is no valid reason to question the exercise of jurisdiction over Lichtenberg.").

10    - OPINION AND ORDER

Moreover, as noted above, the manner of petitioner's removal from Cambodia does not implicate the state courts' jurisdiction over him or the constitutionality of his convictions. *Frisbie*, 342 U.S. at 522; *Lichtenberg*, 309 Fed. App'x at 109; *see also Aydiner v. Premo,* 2013 WL 5593044, at *5-6 (D. Or. Oct. 10, 2013). Therefore, Grounds One, Seven, Nine, Ten, Thirteen, and Fourteen do not support habeas relief.

With respect to Ground Two, petitioner fails to present evidence that his waiver of extradition proceedings was involuntary. According to his own allegations, petitioner agreed to waive extradition proceeding when told by his attorney that he could remain in the Los Angeles County Jail for months if he challenged extradition. Tr. at 10. Regardless, the voluntariness of his waiver does not affect the constitutionality of his subsequent Oregon convictions, and Ground Two is denied. *Frisbie*, 342 U.S. at 522; *Ker*, 199 U.S. at 440.

Finally, with respect to Ground Eleven, petitioner claims that the trial court erred by imposing consecutive sentences for his first-degree sodomy convictions. Petitioner does not explain the basis for this claim, aside from relying on a dissenting opinion in *Oregon v. Ice*, 555 U.S. 160 (2009). Based on this representation, petitioner apparently challenges the trial court's findings in imposing consecutive sentences. However, in *Ice*, the Supreme Court held that Oregon's "choice" to require judges "to find certain facts before imposing consecutive" sentences was not unconstitutional. *Id.* at 164, 169, 172. If petitioner intends to argue that the trial court violated Oregon sentencing law, such a claim is not cognizable in federal habeas proceedings. *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011) (per curiam) ("federal habeas corpus relief does not lie for errors of state law") (citation omitted). Accordingly, Ground Eleven provides no basis for habeas relief.

C. <u>Remaining Claims</u>

In Grounds Three and Eight, petitioner claims that his convictions were obtained through prosecutorial misconduct due to the district attorney's and the United States' withholding or suppression of evidence, including a purported extradition report prepared by the Office of International Affairs. In Grounds Five D-H, J, and K, petitioner alleges ineffective assistance of trial counsel based on counsel's failure to object to the courts' jurisdiction over him and to various aspects of his removal from Cambodia and extradition to Oregon. In Ground Five I, petitioner alleges ineffective assistance of counsel based on the failure to object to the imposition of consecutive sentences. In Ground Six, petitioner asserts ineffective assistance of appellate counsel based on the failure to raise the same issues on appeal. In Ground Twelve, petitioner asserts the deprivation of his Fourth Amendment rights based on his arrest and treatment in Cambodia at the hands of the U.S. Marshals Service.

Respondent maintains that federal review of these claims is barred by procedural default because petitioner did not fairly present them to the Oregon Supreme Court. 28 U.S.C. § 2254(b)(1)(A); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam); *Cooper v. Neven*, 641 F.3d 322, 326 (9th Cir. 2011) ("Exhaustion requires the petitioner to 'fairly present' his claims to the highest court of the state."). Regardless of exhaustion, petitioner's claims in Grounds Three, Five, Six, Eight and Twelve lack merit for the reasons explained above. 28 US.C. § 2254(b)(2) (a habeas petition "may be denied on the merits, notwithstanding the failure…to exhaust the remedies available in the courts of the State"). Petitioner's arrest in Cambodia, his return to the United States, and his extradition to Oregon had no effect on his convictions or sentence, no evidence supports prosecutorial misconduct, and the Supreme Court upheld Oregon's requirements for consecutive sentences.

Finally, in Grounds Fifteen and Sixteen, petitioner asserts ineffective assistance of his trial and appellate PCR counsel based on their alleged failure to assert and preserve all of petitioner's claims for relief during the PCR proceedings, including his pro se claims. Under *Martinez v. Ryan*, 566 U.S. 1 (2012), the ineffective assistance of PCR counsel may serve as cause for the procedural default of an ineffective assistance of counsel claim. For the *Martinez* exception to apply, a petitioner must show that post-conviction counsel "was ineffective under the standards of *Strickland v. Washington*" and that the underlying ineffective assistance of counsel claim is "substantial" and "has some merit." *Id.* at 14.

Here, petitioner's claims are denied on the merits rather than on grounds of procedural default and *Martinez* is not applicable. Regardless, for the reasons explained above, petitioner fails to show that any underlying ineffective assistance of counsel claim has merit.

## CONCLUSION

Petitioner's Petition for Writ of Habeas Corpus and Amendments (docs. 2, 32-1) are DENIED. A Certificate of Appealability is denied on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 14 day of March, 2017.

Ann Aiken
United States District Judge